WeldoN, J\,
delivered the opinion of the court:
On the 14th of February, 1889, the court reported findings of fact and conclusions of law in which are allowed to Samuel R. Adams, administrator, the sum of $3,216.25 in case No. 314; to Robert Beverly, administrator in case No. 771, the sum of $994.83; and disallowing Harriet E. Sabor, administrator in case No. 685, as not proved. On the 16th day of February, 1892, the counsel for claimants, Samuel R. Adams and Robert Beverly, made a motion to amend the findings of fact and.conclusions of law, increasing the allowance to Samuel R. Adams, administrator, and thereafter the counsel for defendants made a motion for a new trial, on the ground that the findings of the court were based on incompetent testimony, and for other causes. In addition to that motion defendants filed a motion to remand the case to the general docket on the ground that Richard Yietch, the surviving partner of Thompson and Yietch, for whose administrator an allowance was made in his lifetime, was indebted to the United States in the sum of $2,737.03 upon certain bonds; that the same was not paid in the lifetime of Veitch, but still continues unpaid, and that a large amount of interest has accrued ■thereon. The court is asked to remand the case in order that the said indebtedness may be pleaded by the way of counterclaim to whatever amount the administrator of Yeitch may be allowed. An allowance was made to the administrator of *408 Veitch of 13,216.25, being five-twelfths of the cargo and ship after the deduction of insurance. The ownership of the vessel is shown by the register and a protest, but nothing appears in the record as to the ownership of the cargo, except what is contained in the memorial of Thompson and Veitch presented to the commissioners appointed under the Spanish treaty of 1819.
The statute of our jurisdiction provides, in section 3, “That in the course of their proceedings they shall receive all suitable testimony on oath or affirmation, and all other proper evidence, historic and documentary, concerning the same; and they shall decide upon the validity of claims according to the rules of law, municipal and international, and the treaties of the United States applicable to the same, and shall report all such conclusions of fact and of law as in their judgment may affect the liability of the United States therefor.” (23 Stat. L., p. 283.)
It is a most familiar rule of pleading that the allegations of the pleader perform simply the function of the statement of the case as he chooses to present it to the court, and it is not to be taken as having the effect of testimony against his ad-versaiy. It may be used against the party as an admission, but not in his favor, for the purpose of establishing a fact necessary to his recovery, upon the principle of law that it is always competent for one party to a legal controversy to show what has been done or said by his adversary, and if material, in the judgment of the court, it is admitted as competent evidence for whatever it tends to prove. .“Proper evidence, historic or documentary, concerning the same,” does not establish a new principle in the law of evidence, as the word “proper” qualifying “historic and documentary” subjects such evidence to the test of the wise rules adopted by that system of law which governs the courts of this country.
At the time the memorial was filed before the Spanish commission it had no force beyond a mere statement of the claimant’s case, and acted only as a limitation upon the rights of the parties in defining the issue presented for the decision of the tribunal organized to determine the persons who were to be paid under the treaty of 1819. It was not evidence in *409 favor of the claimants at the time it was filed, and does not become so by the lapse of time. It was void as evidence in its inception, and upon a principle of legal philosophy it continues void as evidence through all subsequent time. It may be good for some purpose — for instance, as showing that a proceeding of that kind was commenced before that commission, but beyond that it ceases to be evidence for the claimants.
This court has very aptly defined by Judge Milligan, in the case of Block v. The United States (7 C. Cls. R., 413), what is meant by the term “documents” when used in an act of Congress:
“Transcripts from the.records or books of the different Departments, when authenticated by the seal of such Department, are evidence both at the common law and by statute; but the words ‘documents and papers,’used in the several acts of Congress, can not be held to mean every document or paper on file in the Department, but such only as were made by an officer or agent of the Government in the course of the discharge of his official duty. Any other rule of interpretation would defeat the reason on which all public writings are admissible as evidence — i: e., that they have been made by authorized and accredited agents appointed for the purpose, and that the subject-matter of such writings is of a public nature.
“Official documents, duly certified, need no further proof; but other documents so certified do not, by the mere fact of certification, become so authenticated as to entitle them to be received as evidence if they are objected to, but the originals must be produced and proved according to the course of the common law.”
In a matter pending in the House of Lords Lord Blackburn said:
“ It is an established rule of law that public documents are admitted for certain purposes. What a public document is, withih that sense, is of course the great point which we have now to consider. Public documents are admissible, and I think I can hardly state it better than by quoting what Mr. Baron Parke said in delivering the opinion of the judges in the case of the Irish Society v. The Bishop of Derry (12 Cl. and F., 641). * * * ‘Now, my lords, taking that decision, the principle upon which it goes is that it should be a public inquiry, a public document, and made by a public officer. I do not think that “ public” there is to be taken in the *410 sense of meaning the whole world. I think an entry in the books of a manor is public in the sense that it concerns all the people interested in the manor. And an entry probably in a corporation book concerning-a corporate matter, or something in which all the corporation is concerned, would be “public” within that sense. But it must be a public document, and it must be made by a public officer. I understand a public document there to mean a document that is made for the purpose of the public making use of it and being able to refer to it.’” Sturla, v. Freccia, L. R. 5, App. Cas., 623,642. (American Encyclopedia, yol. 5, 845.)
The second motion is to remand the cause in order that the defendants may establish an indebtedness to the United States on the part of the survivor of Thompson and Yeitch, whose administrator has been allowed an amount suffered by that firm by the illegal capture and condemnation.
The right to plead a counterclaim in these cases was first asserted on a motion to grant a certificate under the late appropriation act, and the court held in that proceeding it was not necessary that the court should take action on the motion except to deny it, upon the ground “that the Treasury Department was in the possession of adequate power to guard the United States against the payment of judgments or claims when there exists in the Department a demand against the claimant which is a proper subject of set-off.” The Ship Star (ante).- The motion in this case, having a different connection with the litigation, presents a different question. While a claim in the Treasury Department may be set up against a judgment of this court, it is none the less the right of the United States to file their claim as a set-off while a cause is being litigated in this court, and accomplish the same purpose that is accomplished by the deduction in the Treasury Department.
The spoliation litigation in the jurisdiction of the Court of Claims is new and peculiar. It was authorized by Congress to settle by judicial proceeding questions of fact and law which should be merely advisory, and should not conclude the Government upon a subject-matter which for nearly a century had been a’matter of public discussion and private grievance.
The purpose of the law was to ascertain the rights of the claimants to compensation for an alleged use of private property for the public good, and in order to fully determine that *411 question it is but proper to ascertain and determine what are the respective rights of both parties.
Congress should be advised by the findings of the court whether the decedent whose descendants are now seeking redress became indebted to the United States in order to determine from such findings their legislative duty.
What evidence will be sufficient to establish an indebtedness is not now before the court, and all we determine is that a defense alleging a counterclaim on the part of the United States against the original sufferer is competent, and the court will report to Congress as a part of its findings the result of the proceeding, including the right of the claimant upon his alleged cause of action and the right of the defendants upon their alleged counterclaim. It follows from the above that the motion for a new trial by the defendants is allowed, with leave to file a counterclaim. The other questions arising in the cause affecting the claim of Robert Beverly will be reconsidered on the retrial of the cause.