Howey, J.,
delivered the opinion of the court:
The averments of the petition are that the brig Juno (Atkins, jr., master) was a duly registered vessel of the United States, and that she sailed upon a lawful voyage from the port of Charleston, S. C., upon the 2d of November, 1797, bound to Santiago de Cuba, loaded with a valuable cargo1 of rice, flour, beef, and sundry other merchandise, and that while prosecuting said voyage the brig was illegally captured, on the 11th day of November, 1797, by the French privateer Malounie and carried into Santiago de Cuba, from whence her papers *241 were sent by the French consul to Cape Francois, where the vessel and cargo were condemned upon the 5th day of December, 1797, by the French tribunal of prizes established there, against protest of the master of the brig, becoming a total loss to the owners, and that such capture and condemnation were contrary to the law of nations and the treaties between the United States and France.
The proof is sufficient to show that the brig was duly registered, and the register sufficiently establishes the nationality of the vessel. It does not appear that at the time of the alleged capture the brig carried the requisite passport, certificate, or crew list. Proof is wanting that the condemnation was made as alleged. No copy of the decree of condemnation has been offered, nor do the grounds of the alleged condemnation appear.
As an excuse for failing to produce the decree, it is stated that Cape Francois suffered from fire and pillage in 1801, and by an earthquake on May 8, 1842, and it is asked that these facts be taken to account for the destruction and absence of the records of the French tribunal sitting at that place. "With this statement is the request that the fact of condemnation be taken to be established by a sworn, memorial filed by the insurers and owners, and by the - sworn certificate of one of the owners of a portion of the cargo, as well as by the. payment of insurance by the insurers as and for a total loss, and also by an indorsement on back of the register, ‘‘taken by the French and condemned in Cape Francois.”
The affidavit stating the capture and condemnation was not executed until January 28, 1822, at the port of Charleston, from whence the brig sailed. The memorial addressed to the commissioners appointed under the eleventh article of the treaty of February 22, 1819, between the United States and Spain, enters into the particulars of the capture and the circumstances attending the condemnation and confiscation of the property, and contains a statement that the documents and vouchers in support of the premises will be furnished when called for.
Though the statute makes a material change in the law of evidence in directing the court to receive'all suitable testimony on oath or affirmation, and all other proper evidence,, *242 historic and documentary, concerning these claims, the record does not contain sufficient proof to establish the necessary fact of the illegal condemnation. The memorial is insufficient for that purpose. (The ship Parkman, 35 C. Cls. R., 406.) It is, in fact, in the nature of an auparte affidavit as it appears here sworn to by several persons twenty-four years after the alleged illegal capture. No one of the persons qualifying to the memorial professes to have had any personal knowledge of the capture or of the illegality of the alleged acts following the seizure. The allegations of the memorial and those contained in the affidavit are merely statements, furnishing nothing of value in the effort to establish the important fact that the vessel was illegally condemned.
The memorandum on the back of the register, even if it were a better authentication of the onhr fact which it purports to recite, is equally insufficient. The burden of proof is upon the claimants to establish an illegal condemnation in such manner and form that the defending nation may preserve its right . to rely on the facts recited in the decree and justify the condemnation. With no invoice, charter party, bill of lading, and no evidence of protest or decree, it can not be assumed that there was an illegal condemnation at all. Even if it has been shown that the condemnation has been established, the grounds therefor must yet appear with reasonably sufficient certainty.
. Cotemporaneous papers possess the character of ancient documents, to be received and considered, according to the circumstances attending their execution and the evidence of their genuineness, for whatever they may be worth in determining the matters to which they relate. The court has always received such papers under the rule stated as ancient documents. But papers executed twenty-two years after the occurrence of the matters to which they are supposed to relate can not be considered ancient documents.
It is ordered that the conclusions of the court be reported to Congress.