Howry, Judge,
delivered the opinion of the court:
This is a claim under the act of January 20, 1885, 23 Stats., 283, for the value of a vessel and for freight earnings on account of a cargo alleged to have been on board.
It is alleged in the petition that the brig was owned by a firm composed of Daniel Wise and Oliver Keating, of whom Wise was the surviving partner. Wise died in 1843 and the case is now being prosecuted by his granddaughter.
The findings show that the brig sailed on a commercial voyage in the year 1800 from Kennebunk, in the then State of Massachusetts, bound for the West Indies, and that the vessel was captured on the high seas and condemned, together with her cargo, by the tribunal of commerce and prizes sitting at Basseterre, in the island of Guadeloupe. The findings also show ownership of the vessel by Daniel Wise and Oliver Keating, citizens of the United States, in equal parts, but do not disclose that they were partners. On the contrary, it is disclosed and so found that these two persons held separate and distinct interests in the vessel and whatever cargo there was. There being no evidence to show that the vessel was owned by the parties in any but their individual capacities, there can be no allowance for the Keating interest, as the claim for him is not in court.
The principal contention for the defendants is against any allowance for freight earnings, because it is urged that there is no evidence before the court of the kind and value of the cargo. It is further contended by the defendants that the only mention of the character of the cargo is contained in an affidavit made by the former master long subsequent to the capture which, under the rulings of the court, is incompetent to be considered as evidence. The Parkman, 35 C. Cls., 406; The Juno, 36 ib., 239; The Maria, 39 ib., 39.
Eliminating any claim for the value of a cargo because no value is proven and therefore void for uncertainty (as the court can not conjecture value), there is yet left in the case the question of an allowance for freight earnings.
It is recited in the decree that the brig, her tackle, appurtenances, and cargo were good prize, and in condemning the vessel it was ordered that all the property be sold for the benefit of the captors, owners, and interested parties. It *214 further appears that at the time the decree was rendered an inventory of everything had been made “ beforehand in the presence of those concerned.”
As the bulk was on board ship — that is, a cargo of some kind was on board — freight earnings appear made out unless the decree be disproved. Under these circumstances freight earnings are allowable because of the definiteness of the decree that there was a cargo being carried. Estimating freight on the proven tonnage of the vessel the amount aggregates on a two-thirds basis for the round trip the amount shown in the findings.
In thus allowing freight earnings the court adheres to the rule that where actual freight can not be ascertained and consequently not computed for want of ascertainment, a two-thirds amount of full freight is allowable under the commercial rule adverted to and adopted in Hooper’s case, 22 C. Cls., 408.
The total value of the vessel as disclosed by the findings is $8,450; and the freight earnings amount to $1,917 on the whole venture. The loss to the only party before the court is one-half of that amount. Eliminating the alleged Keat-ing interest, the loss to Daniel Wise is $2,683.50.
The findings of the court will be reported to Congress, together with a copy of this opinion.